UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PORTIA DIMICCO,

                    Plaintiff,

        - against -

CITIMORTGAGE, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., FEDERAL NATIONAL MORTGAGE
ASSOCIATION, VERA FLUDD, in her
official capacity as SHERIFF OF NASSAU
COUNTY, and GROSS, POLOWY, LLC,

                    Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-755 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff, proceeding *pro se*, filed this action on February 7, 2020, requesting money damages and injunctive relief in connection with the judgment of foreclosure on, and subsequent sale of, her property. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's request for injunctive relief is denied, the Complaint is dismissed, and Plaintiff is granted thirty (30) days to submit an Amended Complaint.

## BACKGROUND

Plaintiff's Complaint alleges as follows.[1] In 1990, Plaintiff purchased a property located in Nassau County. (Complaint ("Compl."), Dkt. 1, ¶ 12.) On June 26, 2006, Plaintiff refinanced her home loan with Defendant CitiMortgage, Inc. ("CitiMortgage") in the amount of $240,000.00.

---

[1] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint." *Durant v. N.Y.C. Hous. Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

(*Id.*)  On August 5, 2010, she executed a modification agreement with Defendant Mortgage Electronic Registration Systems ("M.E.R.S."), as nominee for CitiMortgage, in the amount of $244,101.46.  (*Id.*)  Thereafter, Plaintiff's loan was sold to Defendant Federal National Mortgage Association ("Fannie Mae").  (*Id.* ¶ 14.)  Plaintiff alleges that she sent a rescission request to CitiMortgage once the loan was sold to Fannie Mae, but that both Fannie Mae and CitiMortgage failed to respond.  (*Id.* ¶ 19.)  Plaintiff defaulted on her mortgage, and, in 2014, foreclosure proceedings were initiated against her in Nassau County Supreme Court under Index Number 8979/2014 (*id.* ¶ 1), an action presently pending with an anticipated return date in March 2020[2] (*id.* ¶ 20).  Liberally construed, Plaintiff's Complaint alleges violations of federal civil rights law, the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Debt Collection Practices Act ("FDCPA"), and other federal and state laws.  Plaintiff seeks monetary damages, and declaratory and injunctive relief.

## STANDARD OF REVIEW

A pleading must provide "a short, plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal, such a statement must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although "detailed factual allegations" are not required, "[a] pleading that offers

---

[2]  *See CitiMortgage, Inc v. Portia C. Dimicco*, Index No. 0008979/2014, https://iapps.courts.state.ny.us/webcivil/FCASSearch (indicating a return date of March 26, 2020) (last visited Feb. 14, 2020).

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (brackets in original) (quoting *Twombly*, 550 U.S. at 557).

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted). While courts must read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotations omitted), even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. A district court shall dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' when either: (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citation omitted).

## DISCUSSION

## I.     Injunctive and Declaratory Relief

### A.     Subject Matter Jurisdiction

The district courts of the United States are "courts of limited jurisdiction" and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*,

545 U.S. 546, 552 (2005) (internal quotation and citation omitted). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and the amount in controversy are met, *see* 28 U.S.C. § 1332." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). "[B]ecause [subject matter jurisdiction] involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "A case is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Music Choice v. Claggett*, 385 F. Supp. 3d 245, 248 (S.D.N.Y. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In deciding a motion to dismiss under Rule 12(b)(1), the Court must accept as true the allegations in the complaint. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017).

**B.     Abstention**

In the instant action, the Court lacks subject matter jurisdiction over Plaintiff's claims for declaratory and injunctive relief under the doctrine of abstention, or the *Younger* doctrine, which requires that federal courts abstain from hearing matters "where federal review would disrupt state proceedings that: (1) are pending; (2) implicate important state interests; and (3) provide the plaintiffs an adequate opportunity to litigate federal claims." *Fraser v. Aames Funding Corp.*, No. 16-CV-448 (AMD) (LB), 2017 WL 564727, at *3 (E.D.N.Y. Jan. 24, 2017) (citing *Hansel v. Town Court for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995)), *report and recommendation adopted sub nom. Fraser v. Deutsche Bank Nat'l Tr. Co.*, No. 16-CV-448 (AMD) (LB), 2017 WL 563972 (E.D.N.Y. Feb. 10, 2017).

The subject matter of this action is the same property that is the subject of the foreclosure action pending in state court. Accordingly, Plaintiff's claims for injunctive and declaratory relief are barred by the *Younger* abstention doctrine. *See, e.g.*, *Hall v. US Bank CEO Andrew Cecere, et al.*, No. 20-CV-277 (ENV), 2020 WL 705212, at *2 (E.D.N.Y. Feb. 12, 2020) (finding that plaintiff's request for injunctive relief, as part of his challenge to a pending foreclosure action in state court, must be dismissed pursuant to *Younger*); *LaTouche v. Well[s] Fargo Home Mortg. Inc.*, No. 16-CV-1175 (ERK), 2017 WL 8776975, at *6 (E.D.N.Y. Aug. 25, 2017) (same); *Wenegieme v. US Bank Nat'l Assoc.*, No. 16-CV-2634 (AMD), 2016 WL 3348539, at *2 (E.D.N.Y. June 9, 2016) (same).

## C. The Anti-Injunction Act

Plaintiff's request for injunctive relief is precluded by the Anti-Injunction Act, under which, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "This provision applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued." *Wenegieme*, 2016 WL 3348539, at *2 (citing *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970)). Courts in this Circuit routinely hold that the Anti-Injunction Act applies in the context of pending state court foreclosure proceedings. *See, e.g.*, *Walker v. Mirbourne NPN 2LLC*, No. 18-CV-5211 (BMC) (CP), 2018 WL 4494875, at *3 (E.D.N.Y. Sept. 19, 2018); *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210 (SJF) (ARL), 2015 WL 5884797, at *5 (E.D.N.Y. Oct. 8, 2015) (collecting cases).

## II.    Monetary Damages

Unlike claims for declaratory and injunctive relief, the Second Circuit has held that claims for monetary damages should not be dismissed under *Younger* abstention.  *See Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000).  However, Plaintiff's claims for monetary damages are dismissed as time-barred.

### A.    TILA and RESPA Claims

A private right of action under TILA arises on the date of the occurrence of the alleged statutory violation, and, under 15 U.S.C. § 1640(e), a claim for damages must be brought within one year from the date of the occurrence of the violation.  *See Latouche v. Wells Fargo Home Mortg. Inc.*, 752 F. App'x 11, 12–13 (2d Cir. 2018) (summary order); *see also Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 285 (S.D.N.Y. 2011) (collecting cases).  For a mortgage loan, the date of the occurrence is either when the plaintiff enters the loan agreement or when the defendant transmits the funds.  *See Latouche*, 752 F. App'x at 13.  Here, Plaintiff purchased her home in 1990, refinanced the loan in 2006, and entered into a loan modification agreement in 2010. (Compl., Dkt. 1, ¶ 12.)  Accordingly, the latest occurrence date for any TILA violation is in 2010, well over one year ago, and any possible violations of TILA are outside the limitations period and must be dismissed.

Plaintiff also alleges a violation of RESPA whereby, on or about June 23, 2009, she submitted her "third or fourth" request for a "qualified written response," to which Defendant CitiMortgage failed to respond.  (*Id.* ¶¶ 89–91.)  The principal purpose of RESPA is to "insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges . . . ."  12 U.S.C. § 2601(a).  Under RESPA, the servicer of a "federally related mortgage

loan"—which includes any loan "secured by a first or subordinate lien on residential real property," 12 U.S.C. § 2602(1)(A)—is required to provide a written response within 30 days of receiving a "qualified written request" for information about the servicing of such a loan, unless the action requested is taken within that period. 12 U.S.C. § 2605(e)(1)(2). However, any action for a violation of § 2605 must be brought within three years from the date of the alleged violation. *See* 12 U.S.C. § 2614. The instant action was filed in 2020, more than ten years after Plaintiff allegedly requested a qualified written response on June 23, 2009. Thus, Plaintiff's RESPA claim is time-barred.

## B.    FDCPA Claims

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection[.]" *DeSantis v. Comput. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001); *see also* 15 U.S.C. § 1692(e) (noting that the purpose of the FDCPA is "to eliminate abusive debt collection practices"). To state a valid claim under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, . . . (2) the defendant collecting the debt [must be] considered a 'debt collector,' and (3) the defendant [must] ha[ve] engaged in [an] act or omission in violation of FDCPA requirements." *Gold v. Shapiro, Dicaro & Barak, LLC*, No. 18-CV-6787 (PKC) (SJB), 2019 WL 4752093, at *3 (E.D.N.Y. Sept. 30, 2019) (alterations in original) (internal citation omitted). A foreclosure action is an "attempt to collect a debt" under the FDCPA. *See Cohen v. Rosicki, Rosicki, & Assocs., P.C.*, 897 F.3d 75, 82 (2d Cir. 2018). Claims brought under the FDCPA have a one-year statute of limitations. *See* 15 U.S.C. 1692k(d); *Benzemann v. Citibank N.A.*, 806 F.3d 98, 100–01 (2d Cir. 2015). To the extent Plaintiff alleges that Defendants violated the FDCPA by failing to respond to Plaintiff's qualified written requests, failing to serve Plaintiff

"with change of servicer papers," adding "unauthorized" and "undocumented endorsements" to the note that Plaintiff executed, and allowing the Sheriff of Nassau County to appraise Plaintiff's property (*see* Compl., Dkt. 1, ¶ 109), Plaintiff's FDCPA claims fall outside the FDCPA's one-year statute of limitations because these events occurred many years prior to the instant action. Plaintiff requested the qualified written reports in 2009, and her original note was executed in 1990 and then refinanced in 2006 and 2010. Accordingly, Plaintiff's FDCPA claims are also time-barred.

### C. RICO Claim

In order to bring a civil RICO claim, Plaintiff must plausibly allege "that a defendant, through the commission of two or more acts constituting a pattern of racketeering activity, directly or indirectly participated in an enterprise, the activities of which affected interstate or foreign commerce." *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001). Here, Plaintiff appears to allege that Defendants committed mail and wire fraud because they sent or delivered "falsified, fraudulent and legally defective documents." (Compl., Dkt. 1, ¶ 58.) In order to demonstrate that mail or wire fraud constitutes a predicate act under RICO, Plaintiff must assert: "(1) the existence of a scheme to defraud, (2) the defendant's knowing or intentional participation in the scheme, and (3) the use of interstate mails or transmission facilities in furtherance of the scheme." *Estate of Izzo v. Vanguard Funding, LLC*, No. 15-CV-7084 (ADS) (GRB), 2017 WL 1194464, at *8 (E.D.N.Y. Mar. 30, 2017) (internal quotations omitted). Moreover, Plaintiff must "specify the statements [she] claims were false or misleading, give particulars as to the respect in which [she] contend[s] the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Babb v. Capitalsource, Inc.*, 588 F. App'x 66, 68 (2d Cir. 2015) (summary order) (internal quotations omitted).

However, Plaintiff makes only conclusory allegations that Defendants committed "predicate acts of mail and wire fraud to further the goal of the enterprise and reap big profits while conducting their respective roles according to a scheme." (Compl., Dkt. 1, ¶ 66.) These allegations do not amount to a claim of wire or mail fraud under RICO. *See Bigsby v. Barclays Capital Real Estate, Inc.*, 170 F. Supp. 3d 568, 575–76 (S.D.N.Y. 2016) (noting that "predicate acts of mail and wire fraud merit particular scrutiny . . . lest the courts allow the RICO statute to federalize garden-variety state common law claims" (internal quotations and citations omitted)). Furthermore, civil RICO claims have a four-year statute of limitations, *see Rosenshein v. Meshel*, 688 F. App'x 60, 62 (2d Cir. 2017) (summary order), that begins to run when the plaintiff "discovers or should have discovered the RICO injury," *421-A Tenants Ass'n, Inc. v. 125 Court St. LLC*, 760 F. App'x 44, 49 (2d Cir. 2019) (summary order) (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 58 (2d Cir. 1998)). To determine whether a plaintiff "should have discovered" a potential claim, the Second Circuit looks to whether "a reasonable [person] of ordinary intelligence would have discovered the existence of the fraud." *Id.* (brackets in original) (quoting *Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 350 (2d Cir. 1993)). Even assuming, *arguendo*, that Plaintiff has alleged a plausible RICO claim, her claim comes more than four years after September 16, 2014, when CitiMortgage filed a foreclosure action against her and the latest date at which Plaintiff should have discovered her RICO injury. Thus, in addition to failing to state a claim under RICO, Plaintiff's current RICO claim is time-barred.

### D. Tolling of the Limitations Period

Plaintiff asserts that her claims should be equitably tolled (Compl., Dkt. 1, ¶ 34) because Defendants, *inter alia*, "knowingly, affirmatively and actively concealed the true nature of who owned and serviced the loan, when and if it was assigned on even one, or many occasions, and if

so, to whom" (*id.* ¶ 33). Courts will equitably toll statutes of limitations for fraudulent concealment if the following elements are satisfied: "(1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012) (internal quotation omitted). Furthermore, a plaintiff must show that she exercised reasonable diligence and that some extraordinary circumstance prevented her from filing her action in a timely manner. *See Deswal v. U.S. Nat'l Ass'n*, 603 F. App'x 22, 24 (2d Cir. 2015) (summary order); *Koch*, 699 F.3d at 157. Here, Plaintiff's vague and conclusory allegations of Defendants' alleged misconduct, in conjunction with her failure to show that she exercised reasonable diligence in pursuing her claims during the period she seeks to toll, fail to provide a plausible basis for equitable tolling. The Court, therefore, does not apply equitable tolling to Plaintiff's time-barred claims.

## III.    Supplemental Jurisdiction over State Law Claims

Because the Court has dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's New York common law claims of fraud, intentional infliction of emotional distress, and "bad faith dealings." (Compl., Dkt. 1, ¶ 2.) *See, e.g.*, *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 173 n.14 (E.D.N.Y. 2010) (declining to "retain jurisdiction over any remaining state law claims plaintiff is attempting to assert given the absence of any federal claims that survive[]" after

dismissing plaintiff's federal claims based on the *Rooker-Feldman* doctrine, collateral estoppel, and *res judicata*).

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to file an Amended Complaint. If Plaintiff chooses to file an Amended Complaint, she must do so within thirty (30) days of this Order. The Amended Complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order: 20-CV-755 (PKC) (LB). Plaintiff is advised that the Amended Complaint will replace her initial Complaint in its entirety. If Plaintiff elects to file an Amended Complaint, she must provide the status of the state foreclosure action and attach any relevant documents, if available. An Amended Complaint must also comply with Federal Rule of Civil Procedure 8(a), which requires a short and plain statement of the claim showing that Plaintiff is entitled to relief. If Plaintiff fails to file an Amended Complaint within the time allowed, or if the Amended Complaint fails to cure the deficiencies noted herein, judgment dismissing this action shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: February 18, 2020
    Brooklyn, New York